SIMEON SMITH, as Executor of the Last Will and Testament of MARGERY BURCH, Deceased, Plaintiff, v. WILLIAM D. BURCH, Defendant.

*Will — Construction of words " ready money " in.*

Between January 14 and December 8, 1880, the defendant, pursuant to authority conferred upon him by his wife in 1879, collected the sum of $490.25, being the amount of a legacy which she had become entitled to receive in 1878. From some time prior to January 1, 1880, and up to the time of her death in September, 1881, the wife was incompetent to transact her ordinary business, and unfit to exercise any control over her property, by reason of unsoundness of mind. All the money received by the husband was, with other moneys belonging to him, expended in defraying household expenses and procuring nurses and medical attendance for his wife. In 1877, the wife made a will which contained, among others, the following provision: "I further give and bequeath to my beloved husband all the ready money I may have, either in bank or elsewhere, at my decease, before any of the foregoing legacies or bequests shall be paid."

In an action by the executor of the wife to recover the amount so collected and expended by the husband:

*Held,* that it was not "ready money" in "bank or elsewhere," within the meaning of those words as used in the will, and that the plaintiff was entitled to judgment. (WESTBROOK, J., dissenting.)

CONTROVERSY submitted upon an agreed statement of facts, in pursuance of section 1279 of the Code of Civil Procedure.

The plaintiff, as the executor of the defendant's wife, sought to recover certain moneys collected by the defendant, as the agent of his wife, for a legacy to which she had become entitled. The defendant claimed to be entitled to the amount so collected as "ready money" within the meaning of that term, as used in the following clause of the testatrix's will: "I further give and bequeath to my beloved husband all the ready money I may have, either in bank or elsewhere, at my decease, before any of the foregoing legacies or bequests shall be paid."

Further facts are stated in the opinion of WESTBROOK, J.

*Smith Brothers,* for the plaintiff.

*George B. Davis,* for the defendant.

LEARNED, P. J. :

The only question is, what is the meaning of the words, "all the ready money I may have either in bank or elsewhere. at my decease?" The words plainly include all bank deposits. (*Parker* v. *Marchant*, 1 Y. & C. Ch., 290.) They also include all cash, that is, specie and currency which the testatrix had at her death. Such money, either in the bank or in the possession of the testatrix, in the form of specie and currency, is the money which she had "ready" for use. And such, as I think, is the meaning of the words, "ready money," viz., the money kept on hand in bank or in the possession of the testatrix, and intended principally for her daily expenses and use.

Even the words, "money of which I may die possessed," without the epithet "ready," have been held to be limited to cash in the house, to money at bankers and to ready money at call. (*Byrom* v. *Brandreth*, Law R., 16 Eq., 475; see, also, *Collins* v. *Collins*, Law R., 12 Eq., 455.)

The matter in question arose in this way : The testatrix became entitled to a legacy in 1878. In 1879 she authorized her husband to collect it, which he did prior to December 8, 1880. Before the time when he in fact collected any of the legacy the testatrix had become mentally incapable of transacting any business. The husband used this money, and other money of his own, in his household expenses and in medical attendance, etc., for the testatrix. None of the money remained on hand at her death. She made her will in 1877 and died in 1881.

Thus the legacy was not ready money, or money at all, when she made her will. If it remained uninvested by her husband, or was. used by him in his household, and other expenses after it had been received, this was not by her consent, as she was incapable of acting. Had she been capable of acting, and had she then allowed the money to lie in her husband's possession, using it from time to time as "ready money," there would have been more force in the argument that her actions had showed that this ought to pass by the bequest. But no argument can be drawn from the use made by the husband of which she was not cognizant. We have then simply the case of a legacy collected by an agent and never paid over. I do not think

that that is "ready money." It is but a debt for money collected in a fiduciary capacity.

And I think the plaintiff should have judgment.

WESTBROOK, J. (dissenting):

This is an action submitted to the court upon an agreed case. The question to be determined is, whether a sum of money which the plaintiff claims the defendant owed to his wife (Margery Burch) at the time of her death was or was not bequeathed to him by the will of such deceased wife? The facts are as follows:

The clause in the will upon which the controversy arises reads thus: "I further give and bequeath to my beloved husband all the ready money I may have, either in bank or elsewhere, at my decease, before any of the foregoing legacies or bequests shall be paid."

In the year 1878 Margery Burch, the deceased wife, became entitled to a legacy of $450 by the will of Jane Stevenson deceased. The estate was ample to pay the legacy, but there was a delay in its payment caused by the financial embarrassment of George McChain, the executor. Mrs. Burch then authorized her husband, the defendant, " to collect said sum of money, from said McChain, for her."

Between the 14th of January 1880, and December eighth of the same year, " the defendant collected said legacy from said McChain, for his wife, Mrs. Burch, the total amount collected being $490.25.

" For some time prior to the 1st day of January, 1880, and up to the time of her death, September 26, 1881, Mrs. Burch was incompetent to transact her ordinary business and unfit to exercise any control over her property, by reason of some bodily and mental infirmities and unsoundness of mind.

" About as fast as said sum of money was collected by the defendant between the 14th of January, 1880, and the 8th of December, 1880, aforesaid, the same was used, with other moneys of the defendant, in defraying his household expenses and in procuring nurses and medical attendance for his sick wife, so that upon her death, September 26, 1881, no portion of said money realized by the defendant from said McChain on said legacy due Mrs. Burch, was on hand, but the same had been paid out and disbursed as aforesaid, and the same has never been paid to Mrs. Burch by the defendant, nor to her representatives.

" It is not pretended but what the plaintiff has ample funds in his hands with which to pay all debts existing against the estate of Margery Burch at her death, and the plaintiff makes no claim to said sum of $490.25, because of any deficiency of funds in his hands to pay said debts. On the other hand it is conceded that the defendant during all this time has been able to provide suitably for his family out of his own property."

The above are all the facts which the agreed case discloses to enable the court to settle the controversy submitted. There is therefore no evidence whatever to show that there was any sum due to the deceased, other than this, to which the phrase. in the will, " ready money * * * in bank or elsewhere," would be applicable.

If the words " ready money," had stood alone, and there had been no language in the will defining their meaning, we should have no difficulty in interpreting them. They would then have referred only to such ready cash as was in the actual possession of the testatrix at the time of her death. But they do not stand alone, and are coupled with the words " in bank or elsewhere," so that we know she intended to give to her husband not simply " ready money " — cash actually in her possession — but money which was subject to call by reason of its being " in bank or elsewhere," or in other words money deposited, and not loaned.

The money too, as is evident from the expression without attention being specially called to the point, bequeathed, was not only that which was deposited " in bank," but also that which was deposited " *elsewhere*," so that to carry out the evident intention of the bequest money must be found " elsewhere " than " in bank " to pass to the defendant. None other than that which was in the husband's hands has been found. It seems, therefore, clear that the money due from the husband to the deceased passed by the will, because, 1st. It was not a loan, but was, as it had been collected " from said McChain, for her," subject to immediate call, like money in bank; and, 2d. As to carry out the bequest money must be found " elsewhere " than in " bank," and none other than this has been so found, this money must be that which the will styles and calls " ready money * * * elsewhere " than " in bank."

It is no answer to this argument that the defendant had actually

expended the moneys in controversy for the benefit of the deceased at the time of her death. If the bank in which a deposit had been made had been, at the time of the death, unable to promptly make payment, that would not have altered the bequest. The will is to be interpreted by the legal *status* which the parties holding the money occupied to the deceased in regard thereto, and not by the ability of the party to reproduce the original money deposited, or even to meet a demand of immediate payment. If by the terms of the contract, between the deceased and the person holding the money, it was in his hands for her, then it passed under the will, not because it was pure and simple " ready money " — cash — on hand, but because it was money belonging to the testatrix at the time of her death " in bank, or elsewhere." It is not pretended that there was any " ready money," *i. e.*, actual cash in the possession of the testatrix at the time of her death, nor was any, as such, actually bequeathed. The term " ready money " was used in no such sense, but referred, as already stated, to deposits " in bank or elsewhere," and such deposits passed by the will, and the ability of the party holding the deposit to make a prompt response, does not alter the language of the will.

As the money which the plaintiff seeks to obtain from the defendant, was not actually " in " the defendants hands at the time of the death of the testatrix, because he had expended it largely " in procuring nurses and medical attendance for his sick wife," and the same is not needed to pay debts, but in law is presumed to be still " in " his hands, both law and equity will be done by holding, that there is no sum of money owing by the defendant to the plaintiff, but that the amount claimed was bequeathed to the former by the will.

For the reasons given defendant is entitled to judgment, with costs.

Present — LEARNED, P. J., BOOKES and WESTBROOK, JJ.

Judgment ordered for plaintiff.